IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAY 20 P 1:

CLERK_____
SO. DIST. OF GA.

MICHAEL LORENZO BROWN,

Plaintiff,

v.  :  CIVIL ACTION NO.: CV612-048

Officer THOMAS RODMAN,

Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Phillips State Prison in Buford, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendant filed a Motion for Summary Judgment to which Plaintiff responded. Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant Thomas Rodman used excessive force against him in violation of the Eighth Amendment. Plaintiff alleges that Defendant "tied the red laundry net bag around [his] slider forcing [his] slider to close on [his] right hand causing damage to 2 of [his] fingers which the 2 tips were nearly cut off." (Doc. No. 1, p. 5). Plaintiff states that as a result of the injury he required medical treatment from a hospital outside of the prison.

Defendant contends that Plaintiff's Eighth Amendment claim must fail. In the alternative, Defendant asserts that he is entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must

AO 72A
(Rev. 8/82)

view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts that Plaintiff was housed in a cell that has a solid door with a box on it that allows officers to deliver food trays and other items to inmates without having physical contact. Defendant also asserts that this door has a sliding door which an inmate can use to open the box from inside the cell when the sliding door is not secured. On the day in question, Defendant alleges that Plaintiff's box had been unlocked for delivery and pickup of food trays, and he was slamming the sliding door repeatedly, causing a disturbance. Defendant contends that he told Plaintiff on several occasions to stop slamming the slider so that Defendant could secure the slider, but Plaintiff refused. Defendant also contends that he warned Plaintiff that he was going to close the slider, and Plaintiff jammed the slider with a book. Defendant states that he picked up a laundry net bag, approached Plaintiff's cell, and once again told Plaintiff to allow the slider to be secured. Defendant avers that he tied the net bag around the box and slider to secure the slider and did not notice that Plaintiff's hand was in the box. Defendant asserts that Plaintiff was able to get the bag off the box and slider, injuring his fingers as a result. Defendant also asserts that Plaintiff told him that he injured his fingers, and Defendant notified the officer in charge. Defendant contends that Plaintiff was taken to the prison's medical unit and then to Tattnall County Hospital for stitches.

Plaintiff contends that he told Defendant he wanted to see the officer in charge because his cell was filthy. Plaintiff asserts that Defendant "took [it] upon [himself] to

3

use force to secure [his] tray box slider without notifying the [officer in charge.]" (Doc. No. 16, p. 2). Plaintiff alleges that he made it clear to Defendant that he was not going to remove his hand from the box until Defendant called the officer in charge to have Plaintiff's cell cleaned. Plaintiff also alleges that Defendant used excessive force by tying the laundry net bag to secure the slider, and that is what caused the damage to Plaintiff's fingers. Plaintiff avers that he showed Defendant his injuries, and Defendant was "shocked[ ]" and quickly removed the laundry netting[.]" (Id.). Plaintiff contends that Defendant told him that he would notify the officer in charge and medical, yet Plaintiff did not receive any medical treatment for nearly two (2) hours.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that prison officials are entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison officials' conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and

any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cnty. Bd. of Cnty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendant acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

The evidence before the Court reveals that there are no genuine disputes as to any fact material to Plaintiff's excessive force claim. While Plaintiff's injuries appear to have been more than de minimis, he fails to establish a genuine dispute that Defendant acted with a malicious and sadistic purpose in causing Plaintiff injury. In fact, the evidence before the Court points to the contrary. Plaintiff admits that he did not follow Defendant's repeated directives to remove his hand from the slider. (Doc. No. 16, p. 2). Defendant maintains that he did not see Plaintiff's hand in the slider "as he was attempting to secure the box and slider." (Doc. No. 14-2, ¶ 15). Plaintiff agrees that Defendant could not see his hand in the box. (Doc. No. 14-7, p. 32). The undersigned acknowledges Plaintiff's assertion that he told Defendant he was not going to remove his hand from the slider. Even accepting that assertion as true, Plaintiff fails to present evidence that Defendant tied the laundry net bag around anything other than the box and slider or had any way of knowing that Plaintiff would be injured as a result of tying the net bag around the slider and box. Moreover, Plaintiff admits in his pleadings and during his deposition that Defendant appeared to be shocked once he saw that Plaintiff was injured. (Doc. No. 16, p. 2; Doc. No. 17, ¶ 3; Doc. No. 14-7, p. 33). Plaintiff also admits that Defendant immediately removed the laundry bag after seeing Plaintiff's

5

AO 72A
(Rev. 8/82)

injuries and told Plaintiff he would contact the officer in charge and medical staff. (Doc. No. 16, pp. 2-3; Doc. No. 17, ¶ 2; Doc. No. 14-7, p. 27). The evidence before the Court reveals that, as a matter of law, Defendant is entitled to summary judgment in his favor, as there is no evidence that Defendant acted with a malicious and sadistic purpose to inflict harm on Plaintiff. Plaintiff has not presented evidence which creates a genuine dispute as to a fact material to his excessive use of force claim.[1]

It is unnecessary to address the alternative ground of Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that Plaintiff seems to take issue with the "fact" that it took nearly two (2) hours to receive medical attention. In this case, even if this assertion were an established fact, it would be irrelevant. First, the undersigned did not order service of Plaintiff's Complaint on the basis of a deliberate indifference to a serious medical need claim. (Doc. No. 7). In addition, there is no evidence that this perceived delay in receiving medical treatment resulted in any further injury to Plaintiff.

6